SIEBER & TRUSSELL MFG. CO. v. SAUGERTIES MFG. CO.

(Circuit Court of Appeals, Second Circuit.    December 15, 1908.)

No. 103.

PATENTS (§ 328*)—INFRINGEMENT—TEMPORARY BINDER.

The Trussell patent, No. 743,114, for a temporary binder, claims 1 to 6, narrowly construed, as required by the prior art and the proceedings in the Patent Office, have as an essential element of the combination a fixed pivot member on which the sheet-receiving prongs are mounted, and are not infringed by a device which does not contain such element.

[Ed. Note.—For other cases, see Patents, Dec. Dig. § 328.*]

Appeal from the Circuit Court of the United States for the Southern District of New York.

This cause comes here upon appeal from a decree dismissing a bill in equity for infringement of United States patent 743,114, for temporary binder, issued November 3, 1903, on application of the inventor, Emory A. Trussell. The opinion below is reported in 159 Fed. 472.

Louis K. Gillson, for appellant.

Chester A. Weed, for appellee.

Before LACOMBE, COXE, and NOYES, Circuit Judges.

LACOMBE, Circuit Judge.    The specification states that the invention relates to that class of temporary binders used for holding loose sheets of paper, and embodies means whereby the sheet-receiving prongs are actuated to move them together or separate them, so as to confine the sheets or permit their removal.    The construction provides for the actuation of a series of two or more pairs of sheet-holding prongs simultaneously by the operation of a single part.    A back-plate is attached to the inside face of the binder-back, upon which back-plate there is a longitudinal rib, extending from end to end of the plate and preferably formed by a fold at the center of the plate.    Through the interior of this rib for its entire length there runs a pivot-rod.    The arch sheet-receiving prongs are arranged in pairs and mounted on the pivot-rod.    Each prong is provided with a heel that projects to the far side of the pivot-rod from that occupied by the body of the prong and furnishes a lever-arm, against which pressure may be brought to bear for the purpose of moving the prong, so as to throw its free end away from the free end of the other prong of the pair.    Seated longitudinally on the rib and adapted to slide thereon is a slide, provided with side flanges.    Projecting from these side flanges are two sets of cams, numbered, respectively, 12 and 13, adapted to be moved with the slide longitudinally and upon such movement, to and fro, to be brought successively into and out of contact with the arch sheet-receiving prongs.    When, by means of a knob conveniently located, the slide is moved in one direction each cam, 13, is pressed against the heel of a prong, which rotates on its pivot, thus opening the arch.    When the slide is moved in the reverse direction, these cams, 13, are moved out of contact, and each cam, 12, is pressed beneath the body of a prong at

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

its rear face, and the prong rotates on its pivot, so as to close the arch. The patentee states that by this construction he is able with the greatest ease to manipulate the sheet-receiving prongs into either open or closed condition and simultaneously throughout the binder, where either two or a greater number of pairs of mating prongs are made use of; also that the prongs are held firmly in either open or closed condition at all times by reason of either the closing or opening cams being in engagement therewith, according to the position into which the slide that carries the cam has been moved.

The first six claims, which are the only ones relied upon, read as follows:

"1. In a temporary binder, the combination of a fixed pivot member, two sets of pairs of sheet-holding prongs swingingly mounted on said fixed member, and means for engaging all of said prongs in multiple to move their free ends toward and away from each other simultaneously, substantially as set forth.

"2. In a temporary binder, the combination of a fixed pivot member, two sets of pairs of mating sheet-holding prongs swingingly mounted on said fixed pivot member, and means for actuating all of said prongs in unison to move their free ends toward and away from each other simultaneously, substantially as set forth.

"3. In a temporary binder, the combination of a fixed pivot member, two sets of pairs of mating sheet-receiving prongs swingingly mounted on said fixed pivot member, and a slide for engaging all of said prongs in unison to move their free ends toward and away from each other, simultaneously, substantially as set forth.

"4. In a temporary binder, the combination of a fixed pivot member, two sets of pairs of mating sheet-receiving prongs swingingly mounted on said fixed pivot member, a slide and cams carried by said slide to bear against all of said prongs in unison to move their free ends toward and away from each other simultaneously, substantially as set forth.

"5. In a temporary binder, the combination of a fixed pivot member, two sets of pairs of mating sheet-receiving prongs swingingly mounted on said fixed pivot member, a slide, and cams carried by said slide to bear against the rear faces of all of said prongs in unison to move their free ends toward and away from each other simultaneously, substantially as set forth.

"6. In a temporary binder, the combination of a fixed pivot member, mating sheet-receiving prongs mounted on said pivot member, heels carried by said prongs and projecting beyond said pivot member, means for engaging said heels to move the sheet-receiving ends of said prongs away from each other, and means for moving the sheet-receiving ends of said prongs toward each other, substantially as set forth."

In defendant's device the plate which is affixed to the binder is a piece of sheet metal bent upon itself so as to form two walls, a bottom wall next the binder and a top wall next the leaves. In the hollow chamber between these walls, and running the whole length of the plate, is a movable elongated plate, provided with a plurality of cam-slots in which cam-slots play studs depending from the sheet-receiving prongs. The slots are situated in pairs and so arranged in their relation that they may converge at a suitable point toward each other. The movement of the studs in these slots operates to open the arch when the studs are brought towards each other and to close the arch when they are moved apart. The top wall of the base plate is itself slotted so that the lower part of the prongs may pass through it into the hollow chamber, where their engagement with the movable slotted elongated

plate is effected. Each pair of prongs is pivoted on a small pin, long enough only to pivot the two members of such pair.

It will be necessary to consider only the question of infringement. As was pointed out in the opinion at circuit, the device belongs to a crowded art, and the claims were allowed only after repeated rejections and repeated modifications by the patentee to meet the objections of the examiner. Under these circumstances the language employed by the patentee in order to restrict his claims sufficiently to secure their allowance should not now be broadened. Examination of these six claims shows that when originally presented they contained no statement that the prongs were pivoted. The eighth claim, which was allowed as presented, was a very narrow one, confined to heels on the prongs, a slide, and cams carried by it, adapted to bear against the heels, and also against the rear faces, of the prongs. That claim stated that the prongs were "pivotally mounted," a phrase which was probably broad enough to cover a separate pivot for each pair of prongs. The six claims were originally, and even as allowed are, broader than the eighth. When the applicant undertook to amend them, he did not insert merely the statement of the eighth claim, viz., that the prongs were "pivotally mounted." In each and every one of them he stated that one element of his combination was "a fixed pivot member" and that his mating sheet-receiving prongs were "mounted on said pivot member." If the language used means anything, it means that the pivot member, which consists of the pivot-rod contained in the longitudinal rib extending from end to end is the common pivot of all the pairs of prongs. This pivot member has a double function. It is the pivot upon which each prong of the successive pairs swings, and it also attaches the prongs to the device. If the parts of the pivot-rod, which do not constitute the pivots on which the prongs swing, were cut away the prongs would drop out. In defendant's device they are held in place by the slots in the base through which they pass and by the slots in the movable elongated plate with which the studs on the prongs engage. The phrase "fixed pivot member" is not found in the specifications; but, when complainant's expert was asked what expression in the description defines the term "fixed pivot member," he replied by quoting the following paragraph from the specification:

"3 designates a back-plate attached to the inside face of the binder-back. 2. This plate carries a longitudinal rib, 4, extending from end to end of the plate, and preferably formed by a fold at the center of the plate that contains a pivot-rod, 5, seated in a pocket in the rib."

This accords with our own opinion that the "fixed pivot member" of the claims means more than the mere pivot-rod. We do not find in defendant's device the "fixed pivot member" of these six claims, and conclude that there is no infringement.

The decree is affirmed, with costs.